IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 11-cv-02336-LTB-BNB

BRENDA PATTERSON,

    Plaintiff,

v.

DEX MEDIA, INC.,

    Defendant .

_____

# ORDER
_____

    This case is before me on Defendant Dex Media, Inc.'s Partial Motion to Dismiss With Prejudice [Doc # 15]. After consideration of the motion, all related pleadings, and the case file, I grant Defendant's motion.

## I. Background

    This action arises out of Plaintiff's employment with Defendant from December 1978 until February 2009. Plaintiff's Complaint was filed through counsel in the District Court for the City and County of Denver, Colorado on August 11, 2011 and removed to this Court on September 1, 2011. Plaintiff's counsel subsequently withdrew from the case, and Plaintiff has been proceeding in this matter pro se.

    On November 14, 2011, after the filing of Defendant's motion to dismiss, Plaintiff sought leave to amend her complaint. By Order dated November 17, 2011, the Magistrate Judge denied Plaintiff's request on the basis that Plaintiff failed to provide a proposed amended complaint on the court's standardized form. The Court has received no further filings from Plaintiff, and my

analysis of Defendant's motion therefore focuses on the allegations in Plaintiff's August 11, 2011 Complaint and all related pleadings.

## II. Factual Allegations

In 1999, Plaintiff, an African American female, assumed a managerial position in Defendant's Internet Department. Complaint, ¶ 5. In approximately 2003, Plaintiff alleges that she developed an idea for the live streaming of advertising material and submitted it to her superiors. *Id.* at ¶ 16. Defendant acknowledged Plaintiff's idea and rewarded Plaintiff with a citation "In Recognition of Outstanding Contributions, Customer Service and Entrepreneurship" and a $100 gift certificate. *Id.* at ¶ 17. Defendant's use of Plaintiff's idea "became a major source of income for the Defendant." *Id.*

In 2004, Plaintiff, along with the rest of her group, were demoted to union jobs as part of a company reorganization. *Id.* at ¶ 6. That same year, Plaintiff received a negative performance appraisal that she deemed unfair. *Id.* at ¶ 11. Following her demotion, Plaintiff was not given the opportunity to continue working on internet projects, and her applications to transfer back into the Internet Department were denied. *Id.* at ¶ 7. Between 2004 and 2009, Plaintiff unsuccessfully applied and interviewed for 4-5 positions for which she was qualified. *Id.* at ¶ 8. Plaintiff alleges that she was denied other employment opportunities with Defendant because of her age and race. *Id.* at ¶¶ 10 & 12.

Plaintiff alleges that she was constructively discharged in early 2009 when she left Defendant's employ as a result of the disparate treatment and hostile work environment to which she was subjected. *Id.* at ¶ 13. Later in 2009, Plaintiff filed a Charge of Discrimination with the EEOC that she later supplemented and amended. *Id.* at ¶¶ 10 & 12; Exs. C & D to Motion. In

May of 2011, the EEOC issued a Right to Sue Letter to Plaintiff.  Complaint, ¶ 15.

Plaintiff asserts claims against Defendant for violation of Title VII (First Claim for Relief); wrongful discharge and intentional infliction of emotional distress (Second Claim for Relief); fraud, conversion and theft (Third Claim for Relief); and unjust enrichment and quantum meruit (Fourth Claim for Relief).

### III.  Standard of Review

**A.  Rule 12(b)(1)**

In seeking dismissal under Fed. R. Civ. P. 12(b)(1), a party may go beyond the allegations in the complaint and challenge the facts upon which subject matter jurisdiction is based.  *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995).  In such instances, a court has wide discretion to allow affidavits and other documents without converting the motion to dismiss into a motion for summary judgment.  *Id.*  Once subject matter jurisdiction is challenged, the plaintiff bears the burden of proving it exists by a preponderance of the evidence.  *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156, 1160 (10th Cir. 1999).

**B. Rule 12(b)(6)**

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (quotations and citations omitted).  A claim is plausible on its face "when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver,* 180 F.3d 1185, 1188 (10th Cir. 1999). In ruling on a Rule 12(b)(6) motion to dismiss, however, a court may properly consider facts subject to judicial notice such as court files and matters of public record, as well as documents referred to in the complaint if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (citations omitted); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002).

## IV. Analysis

Defendant seeks the dismissal of a number of Plaintiff' claims with prejudice on the bases of (1) Plaintiff's failure to exhaust administrative remedies under Title VII; (2) the applicable statue of limitations on Plaintiff's state law claims; and (3) bankruptcy proceedings involving Defendant and affiliated entities.

### A. Plaintiff's Failure to Exhaust Administrative Remedies

Plaintiff's complaint alleges that she was subjected to a hostile work environment and that she was constructively discharged. Complaint, ¶¶ 12 & 13. Defendant argues that Plaintiff is precluded from pursuing these claims under Title VII because she did not include them in either her original or amended EEOC Charge of Discrimination. I agree.

Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. *Bertsch v. Overstock.com,* 684 F.3d 1023, 1030 (10th Cir. 2012). "Therefore, a plaintiff

normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Id.* (citation omitted). In determining whether a plaintiff has exhausted administrative remedies, the appropriate inquiry is the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. *Jones v. United Parcel Serv., Inc.,* 502 F.3d 1176, 1186 (10th Cir. 2007).

Plaintiff's initial Charge of Discrimination stated that she believed Defendant discriminated against her "in the areas of job hiring and transfer." Plaintiff goes on to reference her transfer from Defendant's Internet Department and her inability to return to that department despite her qualifications and numerous applications. The only allegation that Plaintiff provides to link Defendant's adverse actions against her to her race is that she "observed some members of the Internet Department during a company-wide meeting and, of the employees [she] saw, none had her appearance."

Plaintiff's amended Charge of Discrimination stated that she believed Defendant discriminated against her "in the areas of job hiring and transfer and terms and conditions (2008 performance appraisal process and rating)." Plaintiff again references her transfer from Defendant's Internet Department and her inability to return to that department but adds details about the unsatisfactory annual performance rating that she received in 2008. Once again, the only referenced link between Defendant's adverse actions and Plaintiff's race is Plaintiff's observation that none of the employees of the Internet Department that she saw had her appearance.

A racially hostile work environment is one that is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Sandoval v. City of Boulder, Colo.,* 388 F.3d 1312, 1326-27 (10th Cir. 2004) (*quoting Davis v. United States Postal Serv.,* 142 F.3d 13343, 1341 (10th Cir. 1998)). The allegations in Plaintiff's EEOC Charge and Amended Charge of relatively isolated and racially neutral incidents over a ten year period could not reasonably be expected to lead to an EEOC investigation into whether Defendant subjected Plaintiff to a racially hostile work environment. Plaintiff is therefore precluded from asserting a Title VII hostile work environment claim.

There is no allegation in either Plaintiff's EEOC Charge or Amended Charge that she terminated her employment with Defendant as a result of intolerable working conditions. *See Strickland v. United Parcel Serv., Inc.,* 555 F.3d 1224, 1228 (10th Cir. 2009) ("Constructive discharge occurs when an employer unlawfully creates working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign."). In fact, it is not even clear from Plaintiff's Charge and Amended Charge that she was no longer employed by Defendant. *See* Exs. C & D to Motion ("I believe that [Defendant] has been discriminating against me...."). Under these circumstances, the allegations in Plaintiff's EEOC Charge and Amended Charge could not reasonably be expected to lead to an EEOC investigation into whether Plaintiff was constructively discharged by Defendant. Plaintiff is therefore precluded from asserting a Title VII constructive discharge claim.

In her response to Defendant's motion, Plaintiff also seeks to bring her allegations regarding Defendant's use of her video streaming idea within the purview of her Title VII claim.

Although neither Plaintiff's EEOC Charge nor Amended Charge make any reference to this issue, Plaintiff asserts that "information regarding her [video streaming idea] is within the paperwork that was turned in [to the EEOC]" but provides no supporting documentation.

In order for the information Plaintiff provided to the EEOC regarding her video streaming idea to constitute a discrimination charge under Title VII, it must contain the information required by EEOC regulations and be reasonably construed as a request for the EEOC to take remedial action with respect to the alleged discrimination. *Semsroth v. City of Wichita,* 304 Fed. Appx. 707, 713 (10th Cir. 2008) (*citing Fed. Express Corp. V. Holowecki,* 552 U.S. 389, 402 (2008)). Without being able to review the specific information Plaintiff provided to the EEOC, I am unable to conclude that this information constituted a charge of race discrimination with respect to Defendant's use of Plaintiff's video streaming idea. Plaintiff is therefore precluded from asserting a Title VII claim relating to her video streaming idea for failure to exhaust administrative remedies.

## B.  Statute of Limitations on State Law Claims

Defendant argues that Plaintiff's state law claims for wrongful discharge, intentional infliction of emotional distress, fraud, conversion, theft, unjust enrichment and quantum meruit are barred by the applicable statute of limitations. I agree.

There is no dispute that Plaintiff employment with Defendant ended in early 2009. Plaintiff's vague claim for wrongful discharge, if even viable, is a tort claim subject to a 2-year statute of limitations pursuant to C.R.S. § 13-80-102(a). *See Martin Marietta Corp. v. Lorenz,* 823 P.2d 100, 115 (Colo. 1992) (claim for wrongful discharge based on public-policy exception to at-will employment doctrine sounds in tort). Plaintiff's claim for intentional infliction of

emotional distress is likewise subject to a 2-year statute of limitations pursuant to C.R.S. § 13-80-102(a).

Plaintiff did not assert her claims for wrongful discharge and intentional infliction of emotional distress against Defendant in the early part of 2011 and was not precluded from doing so by bankruptcy proceedings involving Defendant and affiliated entities. *See In re R.H. Donnelly Corp., et al.,* United States Bankruptcy Court for the District of Delaware, Case No. 09-11833 (KG), Doc # 1224 (June 29, 2010 Order recognizing the right of Plaintiff and other claimants to pursue their claims in an alternate non-bankruptcy forum). These claims are therefore untimely.

Plaintiff's remaining state law claims for fraud, conversion, theft, unjust enrichment and quantum meruit relating to Defendant's use of her video streaming idea are subject to a 3-year statute of limitations pursuant to C.R.S. § 13-80-101. *See Hannon Law Firm, LLC v. Melat, Pressman & Higbie, LLP,* – P.3d –, 2011 WL 724742 (Colo. App. Mar. 3, 2011) (applying C.R.S. 13-80-101(1)(a) to quantum meruit claim); *Sterenbuch v Goss,* 266 P.3d 428, 437 (Colo. App. 2011) (applying C.R.S. 13-80-101(1)(a) to unjust enrichment claim); *Curtis v. Counce,* 32 P.3d 585, 588 (Colo. App. 2001) (applying C.R.S. 13-80-101(1)(h) to claims for conversion and theft).

Plaintiff alleges that she submitted her video streaming idea to Defendant in 2003 but Defendant did not acknowledge or make use of it until May of 2006. Accepting these allegations as true despite inconsistencies in Plaintiff's Complaint (*see* Complaint, § 17 & Ex. B), the time for Plaintiff to assert these claims expired in 2010 at the latest. *See* 11 U.S.C. § 108(c) (providing that non-bankruptcy time periods for commencing action against debtor expire the

later of the end of such period or 30 days after expiration of bankruptcy stay). Because Plaintiff did not assert these claims until August of 2011, they are barred as untimely. Finally, to the extent that Plaintiff's claim for intentional infliction of emotional distress is based on Defendant's use of her video streaming idea it is likewise time-barred under the applicable two-year statute of limitations. *See* C.R.S. § 13-80-102(a).

## C. Defendant's Bankruptcy Proceedings

Alternatively, Defendant argues that Plaintiff's state law claims for wrongful discharge, intentional infliction of emotional distress, fraud, conversion, theft, unjust enrichment and quantum meruit are barred as a result bankruptcy proceedings involving Defendant and affiliated entities. *See In re R.H. Donnelly Corp., et al., supra.* Because I have already concluded that these claims are barred by the applicable statute of limitations, I need not address this argument.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's Partial Motion to Dismiss With Prejudice [Doc # 15] is GRANTED;

2. Plaintiff's Title VII claims against Defendant for hostile work environment and constructive discharge and Plaintiff's Title VII claim relating to Defendant's use of her video streaming idea are DISMISSED WITH PREJUDICE for lack of jurisdiction;

3. Plaintiff's state law claims for wrongful discharge, intentional infliction of emotional distress, fraud, conversion, theft, unjust enrichment and quantum meruit are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted; and

    4.  Nothing in this Order shall preclude Plaintiff from pursuing her Title VII claim that Defendant discriminated against her "in the areas of job hiring and transfer and terms and conditions [of employment] (2008 performance appraisal process and rating)."

Dated: August   31  , 2012 in Denver, Colorado.

                                  BY THE COURT:

                                    s/Lewis T. Babcock  
                                  LEWIS T. BABCOCK, JUDGE