IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02336-LTB-BNB

BRENDA PATTERSON,

Plaintiff,

v.

DEX MEDIA, INC., a Delaware corporation,
n/k/a Dex Media East, inc., a Delaware corporation,

Defendant.

_____

# ORDER

_____

This matter arises on the plaintiff's untitled motion [Doc. #30] (the "Motion").  The

Motion primarily seeks to amend the Complaint.  For the following reasons, the Motion is

DENIED.

This is the plaintiff's third attempt to amend her Complaint.  I am aware that the plaintiff

is *pro se* and that I must liberally construe her pleadings.  Haines v. Kerner, 404 U.S. 519, 520-

21 (1972).  However, a *pro se* litigant must comply with the fundamental requirements of the

Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Motion and the proposed amended complaint are deficient for many reasons.  As

noted above, the Motion is untitled.  I have previously informed the plaintiff that "a request for a

court order must be made by motion" and that "[t]he rules governing captions and other matters

of form in pleadings apply to motions."  Doc. #18, p. 2.  In the future, the plaintiff shall title all

motions, and the titles shall not exceed ten words.

The plaintiff does not certify that she served a copy of the Motion on counsel for the

defendant.[1]  I have informed the plaintiff that "[c]opies of papers filed in this court must be served on counsel" and that a certificate of service showing the day and manner of service shall be filed with the all papers in compliance with Rule 5, Fed. R. Civ. P.  Doc. #18, p. 2.  All future papers filed with the court shall be served on counsel for the defendant and shall be accompanied by a proper certificate of service.

The Motion contains 202 pages.  It contains pieces of a proposed amended complaint; a motion to reverse the district judge's order [Doc. #25] granting partial dismissal of the plaintiff's Complaint; and numerous exhibits.

I previously informed the plaintiff that "she must include with her motion [to amend] the entire proposed amended complaint" and it "must be submitted on the court's standardized form." Doc. #18, p. 3.  The plaintiff has disassembled the court's standardized complaint form, inserted numerous documents in between its pages, and has reassembled the pages in the wrong order.  Moreover, the plaintiff has submitted with the proposed amended complaint "all supporting documents for this case." *Motion*, p. 2.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable

---

[1]The Motion contains an illegible copy of a receipt from the United States Post Office. To the extent the plaintiff included the receipt as a substitute for a certificate of service, the receipt it deficient.  Not only is it illegible, it does not contain a signed certification that the Motion was served on counsel for the defendants.

grounds." <u>Blazer v. Black</u>, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1163 (10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  <u>TV Communications Network, Inc. v. ESPN, Inc.</u>, 767 F. Supp. 1062, 1069 (D. Colo. 1991), <u>aff'd</u>, 964 F.2d 1022 (10th Cir. 1992).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The proposed amended complaint utterly fails to provide notice of the plaintiff's causes of action as required by Rule 8.  Moreover, it does not comply with my previous orders.

Accordingly, the Motion is denied and the proposed amended complaint is not accepted for filing.  Should the plaintiff attempt to amend her Complaint in the future, she may do so only by submitting a motion and proposed amended complaint which comply with the Federal Rules of Civil Procedure, the local rules of this court, and my orders.

Any future proposed amended complaint must be submitted on the court's form and shall be titled "Amended Complaint."  The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page or two handwritten pages.  Each claim shall be stated separately.  Each claim shall state the legal basis for the claim and shall allege facts sufficient to state a claim for relief.  Each claim shall not exceed two

typewritten pages, double-spaced, or four handwritten pages.  Because the form contains only one page for the background information and one page per claim, the plaintiff may insert the appropriate number of additional pages into the form solely for the purpose of making her background statement and alleging her claims.  Exhibits and other papers shall not be inserted in between the pages of the form and the pages of the form must remain in order.  The plaintiff may attach to the proposed amended complaint a copy of the charge of discrimination and any other papers referenced in the body of the proposed amended complaint.  The plaintiff may not attach "all supporting documents for this case."  The proposed amended complaint shall not contain conclusory allegations or argument.

Finally, the plaintiff may not combine a motion to amend the Complaint with a motion to reverse an order of the district judge.  Motions shall be submitted and briefed separately.

IT IS ORDERED:

1.   The Motion is DENIED for failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and my previous orders;

2.   Any future attempts to amend the Complaint shall comply with the Federal Rules of Civil Procedure, the local rules of this court, and my orders, including this order;

3.   All future motions shall contain titles in compliance with Rule 5, Fed.R.Civ.P., and all titles shall not exceed ten words;

4.   All future papers filed with the court shall be served on counsel for the defendant and shall be accompanied by a proper certificate of service; and

5.   Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated October 29, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge