IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 11-cv-02336-LTB-BNB

BRENDA PATTERSON,

    Plaintiff,

v.

DEX MEDIA, INC.,

    Defendant .

_____

ORDER
_____

    This case is before me on Plaintiff Brenda Patterson's Motion for Reconsideration [Doc # 29]. By the Motion, Plaintiff asks me to reconsider my August 31, 2012 Order [Doc # 25] which (1) dismissed Plaintiff's Title VII claims for hostile work environment, constructive discharge, and discrimination in the use of a video streaming idea that Plaintiff provided to Defendant for lack of jurisdiction and (2) dismissed Plaintiff's state law claims for wrongful discharge, intentional infliction of emotional distress, fraud, conversion, theft, unjust enrichment, and quantum meruit for failure to state a claim upon which relief may be granted.

    After consideration of the motion, all related pleadings, and the case file, I deny Plaintiff's motion.

## I. Background

    In my August 31, 2012 Order (the Dismissal Order"), I dismissed Plaintiff's Title VII claims for hostile work environment, constructive discharge, and discrimination in the use of Plaintiff's video streaming idea based on Plaintiff's failure to exhaust administrative remedies.

Specifically, I reviewed the charges that Plaintiff filed with the EEOC and concluded that they did not sufficiently put the EEOC on notice that she was alleging that Defendant subjected her to a racially hostile work environment; that she terminated her employment as a result of intolerable working conditions; or that she was charging Defendant with race discrimination in its use of her video streaming idea. *See* Doc # 25, pp. 4-7. Thus, to prevail on her motion to reconsider the dismissal of these claims, Plaintiff must demonstrate that sufficient information regarding these issues was presented to the EEOC.

The dismissal of Plaintiff's state law claims for wrongful discharge, intentional infliction of emotional distress, fraud, conversion, theft, unjust enrichment, and quantum meruit was based on my conclusion that these claims were barred by the applicable statute of limitations. *See* Doc # 25, pp. 7-9. Thus, to prevail on her motion to reconsider the dismissal of these claims, Plaintiff must demonstrate that these claims were timely filed.

Having framed the proper issues for my consideration, I limit my analysis of Plaintiff's voluminous filings accordingly. As part of my analysis, I have considered additional documents that Plaintiff submitted via a motion to supplement, *see* Doc # 43, to the extent that these documents were relevant to the issues before me.

## II. Analysis

### A. Title VII Claims

I first note that Plaintiff is not seeking reinstatement of her constructive discharge claim. Rather, Plaintiff asserts that she "[does] not and [has] never alleged that [she] was constructively discharged in 2009" and that it was error for her former attorney to include such a claim in the Complaint. *See* Motion, pp. 7 & 10. I therefore consider only whether Plaintiff's Title VII

claims alleging hostile work environment and discrimination in Defendant's use of Plaintiff's video streaming idea were properly dismissed.

As set forth in the Dismissal Order, exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. *Bertsch v. Overstock.com,* 684 F.3d 1023, 1030 (10th Cir. 2012). In determining whether a plaintiff has exhausted administrative remedies, the appropriate inquiry is the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge. *Jones v. United Parcel Serv., Inc.,* 502 F.3d 1176, 1186 (10th Cir. 2007).

To establish that she provided information to the EEOC regarding her claims that she was subjected to a hostile work environment and discriminated against with respect to her video streaming idea, Plaintiff cites the declaration of Erica Glaze, Enforcement Manager for the EEOC in Denver. In her declaration, Ms. Glaze identifies the information Plaintiff provided to the EEOC as follows:

> ... information with regard to [Plaintiff's] allegations surrounding: unequal treatment relating to [Plaintiff's] streaming video suggestions and [Defendant's] implementation of her suggestion; the allegation that false and erroneous information was used on [Plaintiff's] 2008 year end appraisal resulting in an unsatisfactory performance rating that was subsequently changed to satisfactory by Headquarters; allegations that [Plaintiff] was denied overtime when her counterparts were allowed to work overtime; and allegations regarding [Plaintiff's] unsuccessful attempts to be hired by [Defendant] into the Internet Department.

Ms. Glaze's declaration also references attached emails but I am unable to locate the referenced emails in Plaintiff's voluminous filings.

As with Plaintiff's EEOC charges discussed in the Dismissal Order, there is nothing in Ms. Glaze's declaration to suggest that Plaintiff was subjected to a work environment that was

"permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Sandoval v. City of Boulder, Colo.,* 388 F.3d 1312, 1326-27 (10th Cir. 2004) (*quoting Davis v. United States Postal Serv.,* 142 F.3d 13343, 1341 (10th Cir. 1998)).  Although Plaintiff characterizes her work environment with Defendant as "hostile," the relatively isolated and racially neutral incidents alleged do not satisfy the legal definition and cannot reasonably be expected to lead to an EEOC investigation into whether Defendant subjected Plaintiff to a racially hostile work environment.  I therefore decline to reverse my dismissal of Plaintiff's Title VII hostile work environment claim.

Although it now appears that Plaintiff may have provided the EEOC with some information regarding her video streaming idea, there is nothing in Ms. Glaze's declaration to indicate that Plaintiff provided any information linking Defendant's actions in the use of this idea to Plaintiff's race.  Furthermore, I am still unable to conclude that Plaintiff provided all the information required by the EEOC with respect to her video streaming idea or that this information could reasonably be construed as a request for the EEOC to take remedial action with respect to race discrimination in Defendant's use of this idea.  *See Semsroth v. City of Wichita,* 304 Fed. Appx. 707, 713 (10th Cir. 2008) (to constitute charge of discrimination, document filed with the EEOC must provide information required by regulations and be reasonably construed as a request for the agency to take remedial action).  I therefore likewise decline to reverse my dismissal of Plaintiff's Title VII claim based on Defendant's use of her video streaming idea.

**B. Plaintiff's State Law Claims**

Again, Plaintiff asserts that she "[does] not and [has] never alleged that [she] was constructively discharged in 2009," and is therefore not seeking reinstatement of her wrongful discharge claim. I therefore consider only whether Plaintiff's tort claims for intentional infliction of emotional distress, fraud, conversion, theft, unjust enrichment and quantum meruit were properly dismissed as untimely filed in August of 2011.

As set forth in the Dismissal Order, Plaintiff's claim for intentional infliction of emotional distress is subject to a 2-year statute of limitations pursuant to C.R.S. § 13-80-102(a). Since Plaintiff left her employment with Defendant in February of 2009, Plaintiff's claim for intentional infliction of emotional distress for events occurring during her employment was time-barred after February of 2011.  Plaintiff's argument that this claim was somehow preserved as a result of Defendant's bankruptcy proceedings is unavailing. *See In re R.H. Donnelly Corp., et al.,* United States Bankruptcy Court for the District of Delaware, Case No. 09-11833 (KG), Doc # 1224 (June 29, 2010 Order recognizing the right of Plaintiff and other claimants to pursue their claims in an alternate non-bankruptcy forum). *See also* 11 U.S.C. § 108(c) (providing that non-bankruptcy time periods for commencing action against debtor expire the later of the end of such period or 30 days after expiration of bankruptcy stay).

As also set forth in the Dismissal Order, Plaintiff's tort claims for fraud, conversion, theft, unjust enrichment and quantum meruit relating to Defendant's use of her video streaming idea are subject to a 3-year statute of limitations pursuant to C.R.S. § 13-80-101. *See Hannon Law Firm, LLC v. Melat, Pressman & Higbie, LLP,* – P.3d –, 2011 WL 724742 (Colo. App. Mar. 3, 2011) (applying C.R.S. 13-80-101(1)(a) to quantum meruit claim); *Sterenbuch v Goss,* 266

P.3d 428, 437 (Colo. App. 2011) (applying C.R.S. 13-80-101(1)(a) to unjust enrichment claim); *Curtis v. Counce,* 32 P.3d 585, 588 (Colo. App. 2001) (applying C.R.S. 13-80-101(1)(h) to claims for conversion and theft).

Rather than contradict my conclusion in the Dismissal Order that Plaintiff's tort claims relating to Defendant's use of her video streaming idea accrued in 2006, Plaintiff's motion provides additional evidence to support this conclusion. *See* Plaintiff's Ex. MDT-32 (detailing actions taken by the parties in 2006 after Plaintiff confronted Defendant about its use of her video streaming idea). Thus, the time for Plaintiff to assert these claims in this Court expired in 2010 at the latest, and these claims were therefore properly dismissed as time-barred.. *See In re R.H. Donnelly Corp., et al., supra*, Doc # 1224. *See also* 11 U.S.C. § 108(c).

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff Brenda Patterson's Motion for Reconsideration [Doc # 29] is DENIED.

Dated: January   22  , 2013 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE